UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEMESIO RIVERA-ORTA, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18 C 1659 |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Nemesio Rivera-Orta pleaded guilty to conspiracy to possess with intent to distribute at least 50 grams of methamphetamine. This court imposed a below-guidelines sentence of 140 months in prison. Rivera-Orta appealed, but appointed counsel filed an *Anders* brief, and the Court of Appeals affirmed the sentence. *United States v. Rivera-Orta*, 681 F. App'x 509, 512 (7th Cir. 2017). Rivera-Orta now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1]. He argues that he is actually innocent and that his Sixth Amendment rights were violated due to ineffective assistance of counsel. For the reasons stated below, the court denies Rivera-Orta's motion.

## BACKGROUND

On February 12, 2015, Defendant Rivera-Orta pleaded guilty to a conspiracy to knowingly and intentionally possess with the intent to distribute a controlled substance, namely, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Indictment [*29] at 1; Guilty Plea [*123] at 1.)[1] On May 10, 2016, this court sentenced Rivera-Orta to a below-guideline term of 140 months. (Sentencing Order [*173] at 2.) In his timely § 2255 petition and memorandum in support, Rivera-Orta argues for relief from his conviction and sentence on two

---

[1] Mr. Rivera-Orta's § 2255 motion, memorandum in support, and reply, and the Government's response, all come from the civil docket in Case No. 1:18-cv-01659. All other references to docket filings are to Rivera-Orta's criminal docket in Case No. 1:12-cr-00614-1. Items from the criminal docket are denoted with an asterisk.

1

grounds. In Ground One, he claims actual innocence, stating that he was never involved in criminal activity and that he acted under duress from individuals in Mexico. (Mot. [1] at 4.) In Ground Two, he claims ineffective assistance of counsel. (*Id.* at 5.) Counsel was ineffective, Rivera-Orta asserts, in nine ways. Specifically, he claims that counsel

- failed to argue that Rivera-Ora was subject to a sentence no longer than the statutory mandatory minimum of five years given the weight of methamphetamine attributable to him (Mem. [3] at 3-4);

- failed to raise an objection to the government's assessment of the purity or weight of methamphetamine attributed to him (*id.* at 4-5);

- failed to argue the court misapplied the sentencing guidelines by relying on an excessive weight or purity of methamphetamine (*id.* at 5-6);

- failed to request a mitigating role adjustment to his guideline sentence (*id.* at 7);

- failed to request the application of the "safety valve" under 18 U.S.C. § 3553(f) and U.S.S.G §§ 2D1.1(b)(17), 5C1.2 (*id.* at 8);

- failed to request a sentencing variance based on a policy disagreement with methamphetamine guidelines (*id.* at 8-9);

- failed to request a variance for aberrant behavior under U.S.S.G. § 5K2.20 (*id.* at 9);

- failed to argue his sentence was procedurally or substantially unreasonable (*id.* at 10);

- failed to request that Rivera-Orta be permitted to plead guilty and be sentenced under the "Fast-Track" program. (*Id.* at 11.)

The Government contends that all of Rivera-Orta's claims are either meritless or foreclosed, and that the ineffective assistance claims also fail by falling short of Defendant's burden under the two-prong test in *Strickland v. Washington*, 466 U.S. 668 (1984). (Govt. Resp. [7] at 3.) As explained here, the court agrees.

## **DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in custody may move the court that imposed the sentence to vacate, set aside, or correct his sentence if it was imposed in violation of the laws of the United States or is otherwise subject to collateral attack. Relief under this section "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process

2

to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). It is appropriate "only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). While the statute entitles a defendant to an evidentiary hearing if he "alleges facts that, if proven, would entitle him to relief," *Kafo v. United States*, 467 F.3d 1063, 1067 (2006) (citation omitted), an evidentiary hearing is not required if the defendant's allegations are "vague, conclusory, or palpably incredible rather than detailed and specific," *id.* (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)), or if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Almonacid*, 476 F.3d at 521 (quoting *Bruce*, 256 F.3d at 597). In particular, a hearing is unnecessary when the court has "sufficient information, based on its observations, the record, and the law" to determine whether or not the defendant received effective assistance of counsel. *Rodriguez v. United States*, 286 F.3d 972, 987 (7th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (May 21, 2002). The judge who presided over the defendant's sentencing is "uniquely suited to determine if a hearing [is] necessary." *Id.*

Ground One of Rivera-Orta's § 2255 motion is actual innocence. The Government argues that this ground is foreclosed because Rivera-Orta could have—but did not—raise an actual innocence argument on direct appeal. (Govt. Resp. at 5.) Even so, the Supreme Court held in *McQuiggin v. Perkins* that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" when "the impediment is a procedural bar." 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006)). While *McQuiggin* involved a habeas petition under 28 U.S.C. § 2244, the Court noted it was extending its prior determination that "in the context of § 2255 . . . actual innocence may overcome a prisoner's failure to raise a constitutional objection on direct review." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998) (remanding to permit petitioner to attempt to show actual innocence in

3

order to obtain collateral review of his guilty plea)); *see also Lund v. United States*, 913 F.3d 665, 667-70 (7th Cir. 2019) (discussing *McQuiggin*'s actual-innocence gateway in the context of a § 2255 motion). Notably, though, "tenable actual-innocence gateway pleas are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 332).

Rivera-Orta cannot meet that high bar given that he has not addressed any new evidence, let alone new evidence that would cause no reasonable juror to find him guilty. Rivera-Orta's conclusory statement—that he acted "only to make sure nothing happens to his family and kids in Mexico"—appears to assert an affirmative defense of duress. (Mem. at 2.) Rivera-Orta has not explained how any defense of duress would involve new evidence; if Rivera-Orta acted under duress, presumably he knew that when he pleaded guilty, meaning that a claim of duress is waived because it was not raised on appeal, as the Government argues. And a claim of duress would be directly contrary to his prior plea of guilty. Rivera-Orta claims that he can assert this "inconsist[ent] defense," and cites as authority *United States v. Haischer*, 780 F.3d 1277 (9th Cir. 2015). (Reply [13] at 2.) The Ninth Circuit Court of Appeals in *Haischer* stated that "under federal law . . . a defendant is not obligated to admit her guilt to a crime as a precondition for raising an affirmative defense such as duress." *Haischer*, 780 F.3d at 1283. But that principle is not relevant here: the present issue is not whether Rivera-Orta's duress claim requires that he admit guilt. It is that his prior admission of guilt undermines his new claim of innocence.

Relevant to this and other grounds raised by Rivera-Orta, then, is the validity of his guilty plea. Rivera-Orta claims that the plea hearing transcript shows that he "clearly did not agree to [a] conspiracy." (Reply at 2.) But in support, he cites only an exchange during that hearing in which he noted that he did not agree to personally distribute drugs. (Tr. of Change of Plea Proceedings [*158] at 16:13-18:15.) The court explained during his plea colloquy that the crime of conspiracy under 21 U.S.C. §§ 841(a)(1) and 846 is "an agreement . . . to possess with the

4

intent to distribute; in other words, to possess the methamphetamine with the understanding that it would be distributed[.]" (*Id.* at 16:22-24 (emphasis added).) Rivera-Orta subsequently affirmed that though he himself would not be selling drugs, he knew the drugs he possessed would be distributed by others. (*Id.* at 17:14-16.)

Rivera-Orta's guilty plea was also knowing and voluntary. In adherence to Federal Rule of Criminal Procedure 11(b), the court advised and questioned him to ensure he knew his rights and the consequences of his plea. (*Id.* at 4:20-15:25.) During that exchange, the court asked Rivera-Orta whether anyone "forced" or "threatened" him to plead guilty, to which he answered "no." (*Id.* at 15:22-25.) The court has no reason to disbelieve Rivera-Orta's sworn statements. *See United States v. Smith*, 989 F.3d 575, 582 (7th Cir. 2021) ("We give special weight to a defendant's sworn testimony in a Rule 11 plea colloquy. . . . That testimony is presumed true, and the defendant bears a heavy burden to overcome this presumption." (citations omitted)). Given that the guilty plea was valid, knowing, and voluntary, this court finds no merit to Rivera-Orta's claim of actual innocence.

Rivera-Orta's Ground Two claims ineffective assistance of counsel. The Sixth Amendment to the Constitution sets forth the elements of a fair trial and states that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. Ineffective assistance of counsel claims are governed by the two-pronged standard set forth in *Strickland v. Washington*, under which a defendant must show both that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." 466 U.S. 668, 687-96 (1984). For the first prong, given the "wide range of competent legal strategies," and to "avoid the pitfalls of review in hindsight," the court's "review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li v. United States*, 648 F.3d 524, 527-28 (7th Cir. 2011). Under the second prong, to establish prejudice, a defendant must "show that there is a

5

reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013). The burden is on Rivera-Orta to prove both prongs; failure under either prong is fatal to his claims. *Thompson v. Vanihel*, 998 F.3d 762, 767 (7th Cir. 2021).

The court begins its analysis of Ground Two by examining Rivera-Orta's first three arguments: that counsel failed to assert he could not be sentenced to more than a mandatory minimum of five years (Mem. at 3-4); that counsel failed to raise an objection to the purity or weight of methamphetamine attributed to him (*id.* at 4-5); and that counsel failed to object to a misapplication of the sentencing guidelines, given the amount of methamphetamine attributed to him. (*Id.* at 5-6.) To establish prejudice under *Strickland* due to counsel's alleged failures, Rivera-Orta must show that he was actually responsible for less than 50 grams of pure methamphetamine, and thus cannot be subject to a mandatory minimum of 10 years under 21 U.S.C. § 841(b)(1)(A)(viii), or else that he was actually responsible for less than 7.4 kilograms of methamphetamine, and thus was inaccurately assessed a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1). (Mem. at 3-6.)

The first problem with this premise is that Rivera-Orta pleaded guilty to a weight of at least 50 grams, thus triggering the 10-year statutory minimum. Rivera-Orta claims he was "confused" during the plea hearing, and indeed expressed confusion at the plea colloquy. (Tr. of Change of Plea Proceedings [*158] at 21:22 ("I didn't understand the question.").) In response to his asserted confusion, however, the court immediately clarified for Rivera-Orta that the drug quantity to which he was pleading guilty was at least 50 grams:

> [The Court:] Okay. You are saying that you did not know what was in the case—or how much was in the case, I should say?
>
> [Mr. Rivera-Orta:] Yes. Yes. Correct.
>
> Q. But the government believes that there were 50 grams or more of methamphetamine in the case. You understand that's their position?

> A. Yes. Yes.
>
> Q. And you agree that that's what was in there, although you didn't know it at the time?
>
> A. Yes.
>
> Q. All right. So you agree with that weight. It's just that you are telling me you didn't know for sure the weight at the time of the event?
>
> A. Yes.
>
> Q. All right. What is your plea to Count I of the indictment, guilty or not guilty?
>
> A. Guilty.

(*Id.* at 21:23-22:16.) Again, there is a presumption that his testimony was truthful. *See United States v. Smith*, 989 F.3d 575, 582 (7th Cir. 2021). The transcript also makes clear that Rivera-Orta was well aware his plea carried a mandatory minimum of ten years in prison, as it was noted three times throughout the hearing, including in a direct exchange between him and the court. (Tr. of Change of Plea Proceedings [*158] at 12:17, 14:2, 14:20-23.)

Second, the possibility that less than 7.4 kilograms of methamphetamine could be attributable to Rivera-Orta with respect to his base offense level was foreclosed by the Seventh Circuit in Rivera-Orta's direct appeal. That court noted that "a total of 7.4 kilograms [of methamphetamine] was *recovered* by the DEA in the two sales arranged by the defendant. The drug quantity was incontestable, which explains why Rivera-Orta's former attorney did not object to the quantity finding." *Rivera-Orta*, 681 F. App'x at 510-11. Further contesting his offense level, Rivera-Orta argues that enhancements to the base offense level for importation and for a leadership role in the offense were not applicable. (Mem. at 6.) These arguments are moot, however, as the court in fact sustained objections by Rivera-Orta's counsel to each of these enhancements during sentencing. (Tr. of Sentencing Proceedings [*176] at 3:10-13:8.)

Finally, Rivera-Orta claims that his guilty plea to "50 grams or more" is ambiguous, and so he should only be held accountable for 50 grams. (Reply at 5.) As authority for that claim, he

7

cites *United States v. Magallanez*, 408 F.3d 672, 682 (10th Cir. 2005). That case involved a disagreement between the trial judge and the jury as to the quantity of drugs attributable to the defendant, and the appellate court held it was error for the trial judge (who attributed a larger quantity) to increase the sentence beyond the maximum authorized by the jury verdict. *Magallanez*, 408 F.3d 682-85. That is not what happened here. There was no discrepancy between a jury finding and a court determination of drug quantity; indeed, the court made no drug quantity determination. Rivera-Orta himself pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine—language identical to that triggering a 10-year mandatory minimum in 21 U.S.C. § 841(b)(1)(viii). And as discussed, the 7.4 kilogram quantity used for his base offense level is incontestable. Thus, the first three arguments for Ground Two fail to establish prejudice and therefore offer no basis for relief under § 2255.

The fourth argument put forward by Rivera-Orta under Ground Two is that counsel failed to request a mitigating-role adjustment under U.S.S.G. § 3B1.2. He claims that he was "less culpable than the average participant in a drug trafficking offense" and that he "merely did what he was told to do." (Mem. at 7.) The Presentence Investigation Report concluded to the contrary that "defendant was an organizer, leader, manager, or supervisor." (Presentence Investigation Report [*126] at 7 ¶ 18.) Rivera-Orta's counsel objected to that conclusion (Def.'s Sentencing Mem. [*165] at 4), and the court ultimately sustained that objection, but only after noting it was "a pretty close case, because . . . some of the circumstances do suggest that Mr. Rivera-Orta brought [coconspirator] Mr. Rodriguez into things." (Tr. of Sentencing Proceedings at 12:12-15.) The court also found that "Mr. Rivera-Orta is more culpable than Mr. Rodriguez." (*Id.* at 13:3.) Thus, contrary to Rivera-Orta's claim, counsel did actively pursue lowering his sentence due to his role, and counsel won a narrow victory for him on that point. There is no merit to the idea that this court would have granted a request for a mitigating role adjustment, given that it narrowly denied a role *enhancement*; this argument fails.

The fifth argument advanced by Rivera-Orta is that counsel failed to seek relief under the "safety valve," which allows a defendant to avoid the statutory minimum and benefit from a downward adjustment under sentencing guidelines. *See* 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(17), 5C1.2. Rivera-Orta pressed this argument on direct appeal, without success. issue. As the Seventh Circuit explained, a prerequisite to invoking this provision "is that, no later than the time of sentencing, the defendant disclose to the government 'all information and evidence' in his possession 'concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.'" *Rivera-Orta*, 681 F. App'x at 511 (quoting U.S.S.G. § 5C1.2(a)(5)). But "nothing in the record suggests that Rivera-Orta satisfied this condition." *Id.* (citing *United States v. Sainz-Preciado*, 556 F.3d 708, 715 (7th Cir. 2009)). Thus, it would have been futile for counsel to seek relief under the "safety valve," because Rivera-Orta was not eligible; hence, any alleged failure by counsel was nonprejudicial. And to the extent Rivera-Orta seeks to relitigate his eligibility, his claim is barred by the "law of the case." *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) (quoting *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986) ("In the context of § 2255 petitions, the 'law of the case' doctrine dictates that 'once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.'").

Rivera-Orta's sixth argument is that counsel failed to request a downward variance based on a policy objection to sentencing guidelines for methamphetamine offenses. First, this is not entirely accurate; defense counsel did argue that the guideline offense level was "extraordinarily high" and noted that it was "generally reserved for much more serious crimes" such as first-degree murder. (Def.'s Sentencing Mem. at 8.) Moreover, any potential failure by counsel did not prejudice Defendant. Rivera-Orta is correct that courts may depart from the guidelines. *See, e.g.*, *United States v. Corner*, 598 F.3d 411, 414-16 (7th Cir. 2010). No party here contests that. Indeed, the court *in this case* imposed a below-guideline sentence. (*Compare* Tr. of Sentencing

9

Proceedings at 13:7-8 ("[G]uideline range of 168 to 210 months."), *with id.* at 28:4 ("[S]entence of 140 months in custody.").) And this court carefully weighed several factors in reaching that sentence, including the harm caused by distribution of methamphetamine. (*Id.* at 27:9-12 ("[W]e are talking about a very, very large amount of extremely pure meth, which is destructive in so many ways. It ruins families, ruins lives, ruins people's brains. It's an awful, awful [ ] drug.").) Thus, Rivera-Orta was not prejudiced by any potential failure by counsel to raise a policy objection to the sentencing guideline.

Seventh, Rivera-Orta argues that counsel failed to request a downward variance for aberrant behavior under U.S.S.G. § 5K2.20. That guideline states that a "court may depart downward . . . if the defendant committed a single criminal occurrence or single criminal transaction that," *inter alia*, "represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20(b). An adjustment for aberrant behavior (even if it is supported factually) is not available, however, if "[t]he instant offense of conviction is a serious drug trafficking offense." *Id.* at § 5K2.20(c)(3). A "serious drug trafficking offense" is a "controlled substance offense under title 21, United States Code" that carries a mandatory minimum sentence of "five years or greater . . . ." *Id.* at § 5K2.20, appl. n.1. Any error by counsel was nonprejudicial because Rivera-Orta failed to meet the requirements of section (b), and the court is prohibited from departing based on section (c). An argument that the offense conduct in this case was aberrant behavior would have been frivolous: At sentencing, this court noted that "Mr. Rivera-Orta . . . has been involved in some drug sales for a long, long time. He has—in spite of the fact that decades have passed, he is still engaged in that kind of conduct." (Tr. of Sentencing Proceedings at 28:9-12.) His crime was therefore not a "marked deviation from an otherwise law-abiding life." U.S.S.G. § 5K2.20(b). And even if it were, his crime is a drug trafficking offense imposing a 10-year mandatory minimum sentence, which makes him ineligible for the variance.

Eighth, Rivera-Orta argues that counsel failed to argue his sentence was procedurally or substantially unreasonable. In addition to restating points considered elsewhere in his § 2255

10

motion, he claims that this court did not consider factors such as his age, health, and family support, and claims that there is an unwarranted disparity between his sentence and the sentence of his coconspirator. (Mem. at 10.) Again, any potential failure on the part of his counsel is nonprejudicial given that the Seventh Circuit already decided that these arguments have no merit. The court's decision dismissing Rivera-Orta's appeal noted that his sentence is "below the guidelines range . . . and thus presumptively reasonable." *Rivera-Orta*, 681 F. App'x at 511 (citing *Rita v. United States*, 551 U.S. 338, 347 (2007)). Finding that it had no reason to set aside that presumption, the appellate court noted the district court "weighed the sentencing factors in 18 U.S.C. § 3553(a)" including "Rivera-Orta's age, criminal history, difficult childhood, and family ties." *Id.* Regarding Rivera-Orta's point about the relatively shorter length of his coconspirator's sentence, the appellate court stated that Rivera-Orta's argument was "frivolous because a concern about sentencing disparities, *see* 18 U.S.C. § 3553(a)(6), relates to differences between judges or districts, not among codefendants in the same case." *Id.* (citations omitted).

Ninth, and last, Rivera-Orta claims counsel failed to request a guilty plea under the "Fast-Track" program. The "Fast Track" program has no relevance in this case. That program provides a United States attorney with the discretion to recommend a two or four level downward departure pursuant to U.S.S.G. § 5K3.1 for a defendant charged with illegal reentry who promptly pleads guilty and is otherwise eligible for the program. *United States v. Castro-Alvarado*, 755 F.3d 472, 475 (7th Cir. 2014). Rivera-Orta was charged with a drug conspiracy, not with illegal reentry.

## **CONCLUSION**

For the foregoing reasons, the court denies Defendant Rivera-Orta's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1]. His motion for resolution of this petition [15] is terminated as moot. The court concludes that jurists of reason would not find any of this court's conclusions debatable, and therefore, the court declines to certify any issues for appeal under 28 U.S.C. § 2253(c). Civil case terminated.

ENTER:

Dated:  September 8, 2021

_____
REBECCA R. PALLMEYER
United States District Judge